# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ELENA TREJO-MACIAS, <br><br>                    Petitioner, <br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>                    Respondent. | CASE NO. 11-CR-1655 <br><br> **ORDER DENYING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255** |

On March 27, 2014, Laura Elena Trejo-Macias ("Petitioner"), proceeding pro se, filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. (Doc. No. 68.) On May 23, 2014, United States of America ("Respondent") filed a response in opposition to Petitioner's motion. (Doc. No. 73.) For the following reasons, the Court denies Petitioner's application for writ of habeas corpus.

**Background**

On February 23, 2012, a jury found Petitioner guilty of a single count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. (Doc. No. 47.) Prior to sentencing, Petitioner and Respondent jointly recommended a sentence of 120 months. (Doc. No. 64 at 5.) This Court sentenced Petitioner to 151 months, pursuant to 18 U.S.C. § 3553(a). (Doc. No. 57 and Doc. No. 64 at 16-17.) On June 4, 2012, Petitioner filed an appeal with the Ninth Circuit Court of Appeals challenging this Court's imposition of a 151 month sentence. (Doc. No. 55.) On March 25, 2013 the Ninth Circuit Court of Appeals affirmed this Court's sentence. (Doc. No. 67 at 2.)

In her motion for habeas relief, Petitioner alleges that her trial counsel failed to provide effective assistance. (Doc. No. 68 at 16.) Petitioner also contends that her sentence should be vacated because the Court's imposition of the two level obstruction of justice enhancement was unconstitutional. (Id.) Finally, Petitioner alleges that the Court deprived her of her right to due process because the Court failed to give adequate consideration to the parsimony principle found at 18 U.S.C. § 3553(a). (Id. at 16-17.)

**Discussion**

**I.   Legal Standard for Petition for Habeas Corpus**

Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

///

## II. Analysis

### A. Ineffective Assistance of Counsel

Petitioner claims that her attorney failed to adequately investigate and present mitigating evidence at her sentencing. (Doc. No. 68 at 16.) Under the Sixth Amendment, a criminal defendant facing felony charges is entitled to reasonably effective assistance by counsel both at and before trial. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984); Missouri v. Frye, 132 S. Ct. 1399 (2012) (defendants are entitled to the effective assistance of counsel with regard to plea offers, as well as trial). To prove ineffective assistance of counsel, a petitioner must first show that her attorney's performance was deficient, measured under a standard of reasonably effective assistance. Hovey v.Ayers,458 F. 3d 892, 904 (9th Cir. 2006) (quoting Strickland, 466 U.S. at 687, 694). Second, the petitioner must establish prejudice – i.e., that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 689, 693. Strickland warns that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

Here, Petitioner's counsel described mitigating evidence, including Petitioner's depression and the unlikelihood of recidivism, during both the sentencing hearing and in Petitioner's sentencing memorandum. (Doc. No. 52 at 4, Doc. No. 64 at 4-6.) Petitioner's attorney highlighted the depression Petitioner suffered arising from the deaths of her husband and child. (Doc. No. 64 at 5.) The attorney also emphasized that Petitioner would lose her lawful resident status, thus making recidivism unlikely. (Id. at 5-6.) The record shows that Petitioner's attorney argued all of the points that Petitioner claims her attorney did not. Accordingly, Petitioner has not satisfied the first prong of Strickland. And, even if she had, she did not present evidence to indicate that a difference in her attorney's performance would have produced a different outcome,

thus also failing to satisfy the second prong of Strickland.

### B. Applicability of Alleyne

Petitioner also contends that the Court should vacate her sentence because the Court's imposition of the two level obstruction of justice enhancement was unconstitutional pursuant to the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). (Doc. No. 68 at 16.) In Alleyne, the Supreme Court extended its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), holding that any fact that increases the mandatory minimum sentence is an element of the offense and must be submitted to the jury and found beyond a reasonable doubt.

Alleyne is not applicable to Petitioner's case. The obstruction of justice enhancement did not alter the mandatory minimum sentence. (Doc. No. 64 at 8-9.) The mandatory minimum remained at 120 months for Petitioner's offense. (Id.) Instead, the enhancement affected only the sentencing range in accordance with the sentencing guidelines. (Doc. No. 64 at 9-10.) Petitioner's base offense level started at 34 and the Court adjusted 2 levels upwards for obstruction of justice and 2 levels downwards for minor role, bringing the offense level to 34. (Id. at 9.) At the offense level of 34 the advisory guideline range is 151 to 188 months and the Court imposed a sentence of 151 months, the low end of the guidelines. (Id. at 13, 16-17.) This does not implicate the holding in Alleyne because sentencing guidelines are advisory rather than mandatory. See United States v. Ibrahim, 529 Fed. Appx. 59, 64 (2nd Cir. 2013) (determining that the application of the sentencing guideline enhancements that do not increase the statutory maximum or minimum penalty neither implicates nor violates a defendant's Sixth Amendment right to a jury trial).

Further, the Supreme Court's decision in Alleyne is not retroactive in application. As Petitioner notes, the Supreme Court issued the Alleyne decision three months after the Ninth Circuit affirmed her sentence. (Doc. No. 68 at 16). Two categories of cases apply retroactively:

///

> "(1) new substantive rules, including 'decisions that narrow the scope of a criminal statute by interpreting its terms' and 'constitutional determinations that place particular conduct or persons covered by statute beyond the state's power to punish'; and (2) new 'watershed rules of criminal procedure' which 'implicate[] the fundamental fairness and accuracy of the criminal proceeding.'"

United States v. Puzon-Batan, No. 13cv1712 - BTM, 2014 WL 1248010 at *1, (S.D. Cal. March 24, 2014) (quoting Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citations omitted)). Alleyne announces a new procedural rule and does not apply retroactively because it is not a watershed rule implicating the fundamental fairness and accuracy of the criminal proceeding. See Puzon-Batan, 2014 WL 1248010 at *1; Schriro, 542 U.S. at 352. Accordingly, Alleyne offers no support for Petitioner's petition.

### C.   Due Process

Petitioner argues that the Court deprived her of her right to due process when the Court failed to give adequate consideration to the parsimony principle found at 18 U.S.C. § 3553(a). (Doc. No. 68 at 16.) Petitioner alleges that the Court did not take her post-sentence deportation and loss of status into account when it issued her sentence, and that the Court's failure stemmed from her attorney's deficient representation in not presenting these arguments to the Court. (Id.) The facts of the case contradict this contention.

The Due Process Clause imposes procedural and substantive limitations on the Government's power to take away protected interests, namely liberty and property interests, U.S. Const. amend V, and it is implicated in the imposition of a criminal sentence. See e.g., Albright v. Oliver, 510 U.S. 266, 269 (1994). The parsimony principle dictates that a district court "impose a sentence sufficient, but not greater than necessary" and consider in all cases the specific circumstances of the offense, the defendant's individual history, the need to deter criminal conduct, and the public safety. See USSG § 3553(a); Kimbrough v. United States, 552 U.S. 85 (2007).

Petitioner's attorney presented evidence in both the sentencing memorandum and

during the sentencing hearing of the applicable § 3553(a) factors including the fact that she will lose her permanent residency status and will be deported upon release. (Doc. No. 52 at 4, Doc. No. 64 at 4-6.) The Court also undertook an independent analysis of the § 3553(a) factors. (Doc. No. 64 at 11-13.) After a thorough consideration of the factors and the recommendations of the parties, the Court ultimately declined to impose a sentence below the guideline range considering Petitioner's obstruction of justice. (Id. at 13.) The Court's sentence was sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a) and thus did not deprive Petitioner of her due process rights.

## Conclusion

For the above reasons, the Court concludes that vacating Petitioner's sentence pursuant to § 2255 is not warranted. The Court denies the petition.

**IT IS SO ORDERED**.

DATED: July 23, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT