Laura Elena Trejo-Macias
Movant, pro se
Fed. Reg. No: 25018-298
5701 8TH ST - CAMP PARKS
DUBLIN, CA 94568



FILED
JUL 25 2014
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Respondent, | CRIMINAL ACTION NO:<br>1655<br>3:11-cr-01665-H-12 |
| Vs. | CIVIL ACTION NO: |
| LAURA ELENA TREJO-MACIAS,<br>Movant. | |

MOVANT'S REPLY TO GOVERNMENT'S RESPONSE
TO MOTION FILED UNDER 28 USC SECTION 2255

COMES NOW, LAURA ELANA TREJO-MACIAS, Movant In the foregoing cause of action who respectfully submits this Reply to the Government's Response to her motion filed under 28 USC Section 2255.

This Traverse includes and incorporates by reference the factual allegations, verified pursuant to 28 U SC § 1746, pursuant to 28 USC §1746, and the legal argument set forth in Movant's Section 2255 motion[1].

ISSUES PRESENTED

1.) MS. TREJO-MACIAS HAS IN FACT AND LAW STATED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PLEA AND SENTENCING PROCESS

---

[1] References to this response will hereinafter be "Govt.. Resp. or counsel's resp. [page References to Movant's Section 2255 motion will be denominated "Section 2255 Motion [page or paragraph]". Unless otherwise indicated, any references to paragraphs in the Section 2255 motion will refer to the numbered paragraphs of the "Statement of Claim" of the motion.

Movant submitted that Counsel was deficient in his performance and ineffective in representation during the sentencing, and appellate stages of the proceedings. She submits that counsel's performance fell below the reasonable objectionable standards in his representation of her interests.

Movant submits that counsel failed to advocate on his behalf or act in his best interest in matters related to mitigation at sentencing.

Movant submits that Counsel failed to launch an investigation into circumstances and present details regarding her situational depression that she suffered from the two traumatic periods in her life. Counsel retrieved and submitted no medical or physician records for the court to review to determine the extent of her depression and whether or not it had any significant bearing on her behavior related to the offense of conviction.

In following the tenets of 18 USC Section 3553, the parsimony principle Movant submits that it was an avenue that counsel as an advocate should have delved into and presented for the courts consideration. In United States v. Nava-Justo (9th Cir., 2010) ,The parsimony principle stems from 18 U.S.C. § 3553(a), which "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 101 (2007). "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008). The determination of whether a sentence is substantively reasonable is "guided by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the sentencing range established by the Sentencing Guidelines." United States v. Plouffe, 445 F.3d 1126, 1131 (9th Cir. 2006).

While she is not stating this would have been an excuse to commit a crime but goes to identification and attribution of a characteristic of the defendant relying on the "parsimony clause" of 18 U.S.C. § 3553(a): "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." See 18 U.S.C. § 3553(a)(2) (listing applicable sentencing factors). Because her sentence was, in her view, "greater than necessary," it violated the Sixth Amendment under Apprendi. 530 U.S. at 489-90, 120 S.Ct. 2348.

She also contends that it was procedurally and substantively unreasonable. See: United States v. Chavez, 611 F.3d 1006 (9th Cir., 2010) The clause is a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing

discretion within the sentencing range authorized and consideration of factors prescribed by Congress. See Booker, 543 U.S. at 233, 125 S.Ct. 738 ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); see also, e.g., Kimbrough v. United States, 552 U.S. 85, 101, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) (referring to clause as "overarching provision" that, post- Booker, "permits the court to tailor the sentence" to the individual defendant and crime in light of the goals of the Sentencing Reform Act of 1984) (citing Booker, 543 U.S. at 245-46, 125 S.Ct. 738); United States v. Rodriguez, 527 F.3d 221, 228 (1st Cir.2008) (referring to sentencing purposes of § 3553(a) as "a tapestry of factors, through which runs the thread of an overarching principle" that is "sometimes referred to as the 'parsimony principle' ") (citing Kimbrough, 552 U.S. at 101, 128 S.Ct. 558); United States v. Borho, 485 F.3d 904, 912 (6th Cir.2007) ("[T]he guidepost for sentencing decisions post- Booker is the 'parsimony requirement [.]' "); cf. United States v. Jones, 460 F.3d 191, 195 (2d Cir.2006) ( "Selection of an appropriate amount of punishment inevitably involves some degree of subjectivity that often cannot be precisely explained.").

A sentencing judge is required to give adequate consideration to the § 3553(a) factors, Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) The Sixth Amendment guarantees defendants the right to counsel. This right to counsel means the right to be represented by effective counsel. Strickland v. Washington, 466 U.S. 668 (1984). Sentencing Guidelines address this question, fundamental principles of justice, federalism, and comity, as well as the rule of lenity and the parsimony principle of 18 U.S.C. § 3553(a), permit district courts to exercise their broad sentencing discretion when calculating criminal history scores for purposes of safety valve relief, and then to exercise that same discretion in determining the appropriate sentence length.

Trejo-Macias, simply submits that the district court should have been apprised in full of the characteristics of the Movant and the possible underlying case of her behavior. Who is to say that having this information before him, the length depth and circumstances of her depression certified as a mental illness and all the encumbrances, may have found for imposing a lower sentence, inquired as to what treatments were available and considered whether or not the purpose of the term outlined by the guideline level and criminal history would have been necessarily adequate or should there have been more of a departure.

United States v. Sargent (9th Cir., 2012) United States v. Yepez, 704 F.3d 1087 (9th Cir., 2012) the rule of lenity and the parsimony principle of 18 U.S.C. § 3553(a), permit district courts to exercise their broad sentencing discretion when calculating

criminal history scores for purposes of safety valve relief, and then to exercise that same discretion in determining the appropriate sentence length.

## INEFFECTIVE ASSISTANCE OF COUNSEL

("To make a reasoned judgment about whether evidence is worth presenting, one must know what it says."). See Strickland, 466 U.S. at 691, 104 S.Ct. 2052 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"). See also Porter v. McCollum, --- U.S. ----, 130 S.Ct. 447, 449, 175 L.Ed.2d 398 (2009) also: Rompilla v. Beard, 125 S.Ct. 2456, 162 L.Ed.2d 360, 545 U.S. 374 (2005).

Counsel was ineffective because he failed to investigate, See: Richter v. Hickman, 578 F.3d 944 (9th Cir., 2009)Accord: Silva v. Woodford, 279 F.3d 825 (9th Cir., 2002), However, where counsel is on notice that his client may be mentally impaired, counsel's failure to investigate his client's mental condition as a mitigating factor in a penalty phase hearing, without a supporting strategic reason, constitutes deficient performance." Id. Correll v. Ryan, 539 F.3d. 938, 2008 WL 2039074 (9th Cir., 2008) In Silva, for example, we held that in the absence of diligent investigation, counsel cannot make a reasoned tactical decision regarding whether or not to present mitigating evidence. 279 F.3d at 846-47. Defense counsel failed to investigate and present a substantial amount of classic mitigating evidence.

The portrait painted at the evidentiary hearing before the district court "was far different from the unfocused snapshot handed the superior court jury." Bean v. Calderon, 163 F.3d 1073, 1081 (9th Cir.1998). Hamilton v. Ayers, 583 F.3d 1100 (9th Cir., 2009) Moore v. Czerniak, 574 F.3d 1092 (9th Cir., 2009) Sanders v. Ratelle, 21 F.3d 1446, 1457 (9th Cir.1994) ("Ineffectiveness is generally clear in the context of complete failure to investigate because counsel can hardly be said to have made a strategic choice when s/he [sic] has not yet obtained the facts on which such a decision could be made." (citations, emphasis, and internal quotation marks omitted)). Reynoso v. Giurbino, 462 F.3d 1099 (9th Cir., 2006).

## CONCLUSION

In accordance with the foregoing, Movant respectfully reiterates that this honorable Court consider the circumstances presented to her in this pleading, as far as the situational depression, the fact that a prolonged incarceration would not serve the purpose for which prison is intended.

There is no opportunity to redeem herself or rehabilitate while she has not had the full opportunity to access the help she needs for her depression. She has not the opportunity to heal and the lengthy incarceration does not promote that.

She prays that the court will order a resentencing commensurate with the factors of 3553, and other accompanying guideline that promote a variance for cases that fall outside the guidelines for situations such as the one she finds herself in.

Relief is prayed for whatever other proceedings this Court deems appropriate to insure the appropriateness of her sentence.

Respectfully Submitted,

Dated this 21st day of July, 2014.

Laura Elena Trejo-Macias
Movant, pro se
Fed. Reg. No: 25018-298
5701 8TH ST - CAMP PARKS
DUBLIN, CA 94568

# CERTIFICATE OF SERVICE

Criminal Case No. 11cr1655-H
Civil Case No. 14cv756-H

I, Laura Trejo-Macias, Movant in foregoing action, hereby state that on the 21st day of July, 2014, I have caused to be served a true and correct copy of the following;

MOVANT'S RESPONSE TO GOVERNMENT'S RE[PLY TO
MOTION FILED UNDER 28USC SECTION 2255

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack 101 L.Ed. 2d 245 (1988), upon the court and parties to litigation and their attorneys of record, by placing same in a sealed, prepaid envelope with sufficient postage attached thereto to carry same to its destination, addressed to:

LAURA GRIMES
Assistant U.S. Attorney
Virginia State Bar No. 75998
880 Front Street, Room 6293
San Diego, California 92101-8893

and deposited same in the legal mail deposit box at the Federal Correctional Institution, 5701 8th St, Camp Parks, Dublin, CA. 94568, on the 21st day of July, 2014.

I have read the foregoing and state the facts under personal knowledge are true and correct.

Executed this 21st day of July, 2014, under penalty of perjury pursuant to Title 28 U.S.C. Section 1746.

*LAURA TREJO-MACIAS*
Movant, pro se

Fed. Reg. No: 25018-298
5701 8TH ST - CAMP PARKS
DUBLIN, CA 94568

Laura Elena Treso-Moerntz
#25018-298
Fed Dublin
5701 8th St. (Camp facts)
Dublin, CA 94568

United States District Court
880 Front Street #2090
San Diego, CA 92101